IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANTONIO PARKER,

                          OPINION AND ORDER

          Plaintiff,

                          21-cv-509-bbc

     v.

FRANCISCO ALMONTE-CASTRO,
NURSE CHRISTINE HOLMEN, and
JOHN DOES,

         Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    Pro se plaintiff Antonio Parker, who is incarcerated at the Columbia Correctional Institution, has been granted leave to proceed under 42 U.S.C. § 1983 on claims that correctional officers and a nurse at the institution violated his rights under the Eighth Amendment by directing him to take medications prescribed for another inmate and then failing to get him medical attention after he reacted adversely to those medications. Dkt. ## 8, 11. This court denied plaintiff leave to proceed on an equal protection claim against inmate complaint examiners Mary Lieser and Kyle Zenk, whom plaintiff alleged had "attempted to obstruct [plaintiff's] ability to exhaust the issues by deliberately creating sham and false narrative[.]" Dkt. #1, at 5.

    The magistrate judge held a pretrial conference, at which he established February 11, 2022 as the date on which plaintiff needed to complete service of his discovery requests aimed at identifying the Doe defendants. Dkt. #19. Plaintiff's deadline to file an amended complaint naming the Doe defendants is March 25, 2022. Id.

    On February 4, 2022, plaintiff submitted a letter to the court, asking for assistance

1

in obtaining documents and video footage. Dkt. #20. In a letter dated February 8, 2022, the clerk's office responded to him to say that it could not assist a party in conducting discovery. The clerk instructed plaintiff to send his discovery requests directly to defendants' attorney, not the court. Dkt. #21. Plaintiff did not heed that advice. Instead, on February 17, he re-submitted his discovery requests to the court in the form of a motion, along with a motion for assistance in recruiting counsel. Dkt. ## 22, 24. Plaintiff also filed a proposed amended complaint, seeking leave to proceed against Lieser and Zenk under the First Amendment. Dkt. #23, at 1. Defendants responded that same day by filing a motion to dismiss the case. In the motion, defendants seek dismissal of the claims against Lieser and Zenk, as well as the dismissal of the Doe defendants on the ground that plaintiff had not sent any discovery to defendants by February 11, 2022, as directed by the pretrial scheduling order. Dkt. #25.

Defendants' motion to dismiss the amended complaint will be granted. As he did in his original complaint, plaintiff alleges that Lieser and Zenk violated his constitutional rights by mishandling his grievance related to the medication mix-up. However, "the alleged mishandling of [an inmate's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." Owens v. Hinsley, 635 F.3d 950, 953 (7th Cir. 2011) (cited in 10/5/21 Op. and Ord., dkt. #8, at 5). It makes no difference whether plaintiff seeks to proceed under the First Amendment or the Fourteenth Amendment's equal protection clause; he has no claim under either amendment.

However, I will not dismiss the Doe defendants at this time. Although plaintiff

missed his deadline for submitting discovery to defendants, he did not ignore his obligation: he simply went about it incorrectly by filing his discovery with the court instead of on defendants. Plaintiff's discovery requests are listed in docket #24. Rather than order plaintiff to send a copy of this document to defendants' counsel, I am directing defendants to consider the discovery requests to have been served on them as of today and to respond to them in accordance with the Federal Rules of Civil Procedure. In the future, however, plaintiff must submit any discovery requests to **defendant's lawyer**, not the court.

Additionally, the scheduling order will be amended as follows: plaintiff's new deadline for filing an amended complaint naming the Doe defendants is April 18, 2022. The answer to the amended complaint, along with any dispositive motion alleging failure to exhaust administrative remedies, must be filed no later than May 9, 2022. All other dates in the pretrial conference order remain the same.

Finally, I am denying plaintiff's request for the assistance in recruiting counsel to represent him. To show that it is appropriate for the court to recruit counsel, a plaintiff must first show that he has made reasonable efforts to locate an attorney on his own. Jackson v. Cty. of McLean, 953 F.2d 1070, 1072–73 (7th Cir. 1992) ("the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts"). To meet this threshold requirement, this court generally requires plaintiffs to submit correspondence from at least three attorneys to whom they have written and who have refused to take the case. Plaintiff has not done this. That alone is reason enough to deny his

motion.

Also, this court will seek to recruit counsel for a pro se litigant only when the litigant demonstrates that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. Pruitt v. Mote, 503 F.3d 647, 654–55 (7th Cir. 2007). It is far too early in the case to determine whether this case will be too complex for a pro se litigant to handle. Plaintiff states that he does not understand the law and that a person who was helping him is no longer at the institution. These might be reasons to consider recruiting counsel later in this case. At this early stage, however, it is far too soon to tell whether the case involves issues that plaintiff can't handle. Not all of the defendants have been identified, and the deadline for summary judgment based on failure to exhaust administrative remedies is still far away. Generally, the court will wait until after the parties brief summary judgment on the merits of a case to review the complexity of the issues in the case. For theses reasons, I will deny plaintiff's motion without prejudice, which means that he can renew his motion if he continues to believe that he is unable to litigate the lawsuit on his own.

ORDER

IT IS ORDERED that:

1. Defendants' motion to dismiss, dkt. # 25, is GRANTED IN PART and DENIED IN PART. The proposed amended complaint, dkt. #23, is DENIED in its entirety. Defendants' request to dismiss the Doe defendants is DENIED at this time.

2. The clerk of court shall docket plaintiff's motion for court assistance in gathering documents/evidence, dkt. #24, as "plaintiff's first request for discovery." Defendants shall consider the document as having been served on them today and shall respond to it accordingly.

3. The scheduling order is amended as follows: plaintiff's new deadline for filing an amended complaint naming the Doe defendants is **April 18, 2022**. The answer to the amended complaint and any dispositive motion to dismiss for failure to exhaust administrative remedies must be filed not later than **May 9, 2022**. All other dates in the pretrial conference order remain the same.

4. Plaintiff's motion for assistance in recruiting counsel, dkt. #22, is DENIED without prejudice.

5. Plaintiff is reminded that any future requests for documents, evidence or other discovery materials from defendants should be served on the lawyer(s) representing the defendants, not sent to the court.

Entered this 2d day of March, 2022.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge