IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
ANTONIO PARKER,

                                                    OPINION AND ORDER

                    Plaintiff,

                                                        21-cv-509-bbc

          v.

FRANCISCO ALMONTE-CASTRO,
CHRISTINE HOLMEN, LORETTA JOHNSON,
ARMON MYADZE and
CHRISTOPHER TERSTRIEP,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
        Pro se plaintiff Antonio Parker is proceeding on claims that correctional officers and

two nurses at Columbia Correctional Institution violated his rights under the Eighth

Amendment by directing him to take medications prescribed for another inmate and then

failing to get him medical attention after he reacted adversely to those medications.  Dkts.

## 8, 35.  All defendants except Christine Holmen have moved for summary judgment on

the ground that plaintiff failed to exhaust his administrative remedies.  Dkt. # 41.  As

explained below, I am granting the motion with respect to defendants Francisco Almonte-

Castro, Armon Myadze and Christopher Terstriep but denying it as to defendant Loretta

Johnson.

OPINION

        The 1996 Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), provides that ”[n]o

action shall be brought with respect to prison conditions under section 1983 of this title, or

any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The purpose of this requirement is not to protect defendants but to give prison officials an opportunity to resolve complaints without judicial intervention.  Perez v. Wis. Dep't of Corr., 182 F.3d 532, 537 (7th Cir. 1999) (exhaustion serves purposes of "narrow[ing] a dispute [and] avoid[ing] the need for litigation").  This means that a prisoner needs to "file complaints and appeals in the place, and at the time, the prison's administrative rules require."  Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002).  Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by the defendants.  Davis v. Mason, 881 F.3d 982, 985 (7th Cir. 2018).

### A.  Wisconsin's Prison Grievance System

Prisoners incarcerated in the Wisconsin state prison system must exhaust administrative remedies by following the procedures outlined in section DOC 310 of the Wisconsin Administrative Code, which establishes the "inmate complaint review system" (ICRS).  ICRS requires that an inmate first attempt to resolve his grievance through designated informal channels before filing a formal complaint.  Wis. Admin. Code. § DOC 310.07(1).  If that proves unsuccessful, the inmate must "file a complaint within 14 days after the occurrence giving rise to the complaint."  Wis. Admin. Code. § DOC 310.07(2).  Once a complaint is filed, the institution complaint examiner (ICE) either rejects the complaint for one of the nine reasons listed in the Code, see Wis. Admin. Code. § DOC

310.10(6), or sends a recommended complaint disposition to the appropriate reviewing authority.  Wis. Admin. Code. § DOC 310.10(1).  The ICE may also return a complaint if it does not meet certain criteria, such as a failure by the inmate to attempt to resolve the issue informally by "following the designated process specific to the subject of the complaint" before filing it.  Wis. Admin. Code § DOC 310.07(1).  When the ICE returns a complaint, it must give the inmate the opportunity to "resubmit the complaint after correcting issues noted by the ICE."  Wis. Admin. Code § DOC 310.07(5).

If the reviewing authority dismisses the complaint, the inmate may appeal the dismissal up the chain until he reaches the Secretary of the Department of Corrections.  Wis. Admin. Code. §§ DOC 310.12, 310.13.  Once the secretary decides the appeal, the agency's "decision is final," at which point the prisoner will have fully exhausted his administrative remedies.  Wis. Admin. Code. § DOC 310.13(3).

### B.  Plaintiff's Complaint-Filing History

Plaintiff was granted leave to proceed on the following claims:  (1) defendant Francisco Almonte-Castro consciously administered the wrong medications to plaintiff on March 23, 2021; and (2) defendants Castro, Christine Holmen, Christopher Terstriep, Loretta Johnson and Arman Myadze deliberately ignored plaintiff's serious medical needs after he took those medications.  Dkts. #8, 35.

Defendants provided the court a copy of plaintiff's ICRS history, dkt. #43-1, which indicates that plaintiff filed two complaints related to the March 23, 2021 incident.  The

first, CCI-2021-5137, contains allegations against two individuals:  a "John Doe unit

sergeant" and Almonte-Castro.  The second, CCI–2021-5686, implicates "Nurse Chris"

(Holmen) and the Health Services Unit generally.  Defendants do not dispute that plaintiff

properly exhausted his administrative remedies with respect to the second complaint but

contend that he did not properly exhaust with respect to the first complaint.


1.  CCI-2021-5137

On March 30, 2021, seven days after the alleged incident, the ICE office received the

complaint from plaintiff in which he alleged that on March 23, "C.O. Castro violated my

Eighth Amendment right by forcing me to take [another inmate's] medications." Dkt. #43-

2.  Plaintiff stated that he had attempted to resolve the issue by speaking to the "John Doe

Unit Sergeant," who "did nothing."  Id.  He stated that he had also written "to the warden,

unit manager Glass, and the Security Director," but only the warden had responded.  Id.

That same day, March 30, 2021, ICE Mary Leiser returned the complaint to plaintiff,

stating that his complaint had not been accepted.  Leiser's return letter stated:

> Prior to filing a formal complaint, an inmate shall attempt to resolve the issue
> by following the designated process specific to the subject of the complaint.
> {(DOC 310.07(1))}  You have not attempted to resolve the issue.  Contact
> Mr. Glass, Restrictive Housing Corrections Program Supervisor.

Dkt. #43-2, at 10.  Leiser advised plaintiff that he had one opportunity to correct the

complaint and submit it again after complying with the instructions, and that he should

"[p]rovide proof that you followed the chain of command" by submitting "related

correspondence/supporting documentation."  Id.  Leiser further advised plaintiff that he

should allow 10 business days for Glass to respond.  Id.

On the same date, March 30, 2021, plaintiff resubmitted his complaint; the ICE Office received it on April 2, 2021.  Dkt. #43-2.  Plaintiff stated that he was enclosing a request slip "from the warden."  Id.   However, he did not attach any supporting documentation.  Accordingly, on April 6, 2021, ICE Kyle Zenk rejected the complaint under Wis. Admin. Code DOC § 310.10(6)(d), which specifies that a complaint may be rejected where "[t]he inmate does not provide sufficient information to support a complaint."  Dkt. #43-2, at 2.

Plaintiff appealed the rejection on April 13, 2021.  Plaintiff asserted that he had already written to both the warden and Glass on the date of the incident, *before* he had submitted his inmate complaint, and he purported to quote his letter in the body of his appeal. Dkt. #43-2, at 13-14.  Plaintiff further asserted that the warden had responded two days later, stating that "the issue will be looked into," but Glass had never responded.  Id. at 14.  Plaintiff argued that the ICE's reason for rejecting his complaint was "baseless" because plaintiff had attempted to resolve the issue before filing his complaint and it was not plaintiff's fault that Glass did not respond.  Id.

On April 23, 2021, the reviewing authority, Warden Wayne Olson, determined that the ICE had appropriately rejected plaintiff's complaint on the ground that plaintiff had failed to provide sufficient information to support it.

2.  CCI-2021-5686

On April 6, 2021, the ICE office received Inmate Complaint CCI-2021-5686 from plaintiff.  In this complaint, plaintiff asserted that "Nurse Chris" (defendant Holmen) had violated his Eighth Amendment rights by refusing to evaluate him after she was told he ingested another inmate's medication.  Dkt. #43-3, at 6.  Plaintiff also stated he had submitted two "HSU slips" that same night, March 23, but still had not been seen by any HSU staff.  Like his first complaint, this complaint was returned to plaintiff with instructions to attempt to resolve the issue prior to filing a formal complaint.  Specifically, the ICE instructed plaintiff to write to the Health Services Unit, wait a reasonable time for a reply, and then resubmit the complaint along with documentation of the correspondence. A week later, on April 12, plaintiff resubmitted the complaint along with a copy of a letter he had sent to the Health Services Unit manager on March 25.

The ICE accepted plaintiff's resubmitted complaint and investigated it.  The ICE determined that the Health Services Unit should have seen plaintiff immediately after he notified them that he had taken another inmate's medication.  Accordingly, the ICE recommended affirming CCI-2021-5686.  This recommendation was accepted by the reviewing authority on May 7, 2021.


C.  Analysis

Based on plaintiff's complaint history, defendants contend that plaintiff failed to exhaust all of his claims except for his deliberate indifference claim against Holmen, which

they concede plaintiff exhausted in CCI-2021-5686.   His claims against the other defendants, they argue, must be dismissed because:  (1) plaintiff did not mention any other defendant in his properly-exhausted complaint, CCI-2021-5686; and (2) he failed to properly exhaust his first complaint, CCI-2021-5137, by failing to comply with the ICE's instructions to attempt to resolve the complaint informally before refiling it.

1.  CCI-2021-5686

Defendants concede that plaintiff properly exhausted this complaint, but they say the exhaustion applies only to plaintiff's claims against defendant Holmen.  In their view, it does not serve to exhaust plaintiff's claims against any of the other defendants because plaintiff did not identify any of them by name in his complaint.  However, to satisfy the exhaustion requirement, a prisoner complaint need only provide the level of detail required by the grievance system itself.  Jones v. Bock, 549 U.S. 199, 218–19 (2007).  In this case, defendants do not identify any provision of the prison grievance system or Wis. Admin. Code § DOC 310.07 that required plaintiff to identify specific individuals in his grievance.

What matters for purposes of the exhaustion requirement is whether the prison administrators had a fair opportunity to resolve the grievance without litigation.  Woodford v. Ngo, 548 U.S. 81, 88–89 (2006); see also Turley v. Rednour, 729 F.3d 645, 650 (7th Cir. 2013) ("once a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement").  As defendants concede, plaintiff's grievance was not only about Holmen's conduct; plaintiff also complained

generally of "not being seen by the Health Services Unit (HSU) after taking someone else's medication." Br. in Supp., dkt. #42, at 4. The ICE investigated the complaint and noted that plaintiff had written to the HSU but was "not seen immediately." After speaking with the HSU manager, the ICE recommended affirming plaintiff's complaint, noting that plaintiff should have been "seen right away." Thus, the ICE treated the complaint as concerning the failure by HSU staff *generally* to see plaintiff after learning that he had ingested another inmate's medication. Documents in the record indicate that both defendant Holmen and defendant Johnson were notified of the medication mix-up and were in a position to respond to that information on the date of the incident. Accordingly, I am satisfied from plaintiff's inmate complaint and the ICE's summary that prison officials were on notice of the failure to provide medical care claim that plaintiff asserts against defendants Holmen and Johnson in this lawsuit.

2. CCI-2021-5137

In this complaint, plaintiff alleged that defendant Castro forced him to take another inmate's medications and a "John Doe" unit sergeant "did nothing" about it. Dkt. #43-2. Unlike CCI-2021-5686, this complaint was rejected because plaintiff failed to comply with the ICE's instructions, and that finding was affirmed on appeal. As defendants point out, when a complaint is rejected for procedural reasons, it cannot satisfy the exhaustion requirement even if appealed. See, e.g., Lindell v. Greff, No. 19-C-827, 2021 WL 718237, at *3 (E.D. Wis. Feb. 24, 2021) ("Because inmates must follow the ICRS rules to properly

exhaust, sometimes the rejection of an offender complaint demonstrates that the plaintiff did not follow the rules and therefore did not properly exhaust."); Jones v. Frank, No. 07-CV-141-BBC, 2008 WL 4190322, at *2 (W.D. Wis. Apr. 14, 2008) (citations omitted) ("[I]f prison officials reject a grievance for failing to comply with a procedural requirement and they decline to address the merits of the grievance, the general rule is that the prisoner has not exhausted his administrative remedies and any lawsuit the prisoner later files must be dismissed."); Collins v. McCaughtry, No. 04-C-147-C, 2005 WL 503818, at *3 (W.D. Wis. Feb. 28, 2005) ("Because rejected claims are presumably procedurally flawed, they cannot satisfy the exhaustion requirement even if appealed.").

Plaintiff disputes the claim that he did not follow the proper procedures. He says he attempted to resolve his complaint informally by submitting an interview/information request to the warden on the date of the incident. Dkt. #48-1, at 1. He further notes that the warden replied that the "issue will be looked into." Plaintiff points out that nothing in the administrative rules requires inmates to allow prison officials 10 days to respond to their informal complaints before filing a grievance, nor does it require inmates to attach copies of their correspondence. In any case, he says, he *did* attach copies of his correspondence with the warden to his re-submitted complaint. In plaintiff's view, defendants' contention that he did not attempt to resolve his complaint informally is a "sham."

It is true that exhaustion has not been required where prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting his remedies, Pozo, 286 F.3d at 1024, such as by dismissing a

properly-filed grievance because of a requirement on which "the administrative rulebook is silent." Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002). As defendants point out, however, the administrative rules state plainly that an inmate complaint may be returned if the inmate did not attempt to resolve the issue informally by "following the *designated process* specific to the subject of the complaint" before filing it. Wis. Admin. Code § DOC 310.07(1) (emphasis added). Here, the ICE told plaintiff that the "designated process" was to raise his issue with Glass, the Restrictive Housing Corrections Program Supervisor. Although plaintiff stated in his inmate complaint and appeal that he had written to Glass, he does not repeat that assertion here, nor does he attach a copy of any documents to or from Glass. His documents indicate only that he corresponded with the warden. Thus, even if I accept plaintiff's contention that he attached these documents to his re-submitted inmate complaint, the fact remains that he was instructed to write to *Glass*, not to the warden. Plaintiff submits no proof that he followed this instruction.

"[T]he PLRA exhaustion requirement requires proper exhaustion." Woodford, 548 U.S. at 93; Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006) ("This circuit has taken a strict compliance approach to exhaustion."). In this case, plaintiff was specifically advised of the steps he needed to take to "properly" exhaust his grievance, but he failed to take those steps. Accordingly, his complaint against Castro and the other correctional officers (Myadze and Terstriep) must be dismissed for his failure to exhaust his administrative remedies. Accord Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005) (exhaustion requirement not met where prisoner failed to follow prison board's instructions for seeking

reconsideration of his untimely grievance and instead wrote letter to DOC Director asking him to excuse delay).


ORDER

IT IS ORDERED that plaintiff Antonio Parker's claims that (1) defendant Francisco Almonte-Castro forced him to take another inmate's medication and (2) defendants Almonte-Castro, Arman Myadze and Christopher Terstriep failed to get him medical attention are DISMISSED WITHOUT PREJUDICE for his failure to exhaust his administrative remedies.

Entered this 23rd day of June, 2022.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

11