IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ANTONIO PARKER,

                Plaintiff,              OPINION AND ORDER

v.

                                       21-cv-509-wmc

CHRISTINE HOLMEN and
LORETTA JOHNSON,

                Defendants.

*Pro se* plaintiff Antonio Parker is proceeding in this lawsuit against Registered Nurses Christine Holmen and Loretta Johnson on claims that they responded with deliberate indifference to his having taken another inmate's medications. At a hearing to address defendants' motion for sanctions, the court: (1) directed defendants to turn over discovery responses from dismissed defendant Francisco Castro, and (2) advised Parker that he could file a motion for spoliation sanctions because certain video footage relevant to his claims had not been preserved. Now before the court is defendants' request that the court reconsider its order to compel Castro's responses (dkt. #84) and Parker's motion for spoliation (dkt. #82). For the reasons that follow, the court will grant the first motion and deny the second.

OPINION

**I. Response to court's order to compel discovery (dkt. #84)**

Defendants ask that the court reconsider its order compelling them to turn over discovery responses from Castro because: (1) he is no longer a party; (2) Parker never conferred with defendants; and (3) Castro is now unavailable because he has passed away.

Parker argues in opposition that defense counsel should have acted sooner to obtain Castro's responses, and the court should now enter judgment in his favor. (*See* dkt. ##89, 95.) At this point, however, there is no question that Castro has not only been dismissed from this lawsuit, but more importantly, Parker has admitted that his claim against Castro was based on fabricated allegations. Therefore, upon reconsideration, the court agrees that any discovery responses from Castro are irrelevant to the remaining claims against the nurse defendants. In addition, since Castro passed away in November of 2022, and defense counsel represents that, before learning of his passing, they had made reasonable efforts to contact him to obtain discovery responses as directed by the court, there is no basis to sanction defendants for that reason as well. Thus, defendants' motion to reconsider will be granted.

## II. Motion for spoliation and for judgment (dkt. #82)

Next, Parker seeks an adverse inference instruction or judgment in his favor based on defendants' failure to preserve video footage of events relevant to his claims in this lawsuit. Parker is not entitled to judgment in his favor based on a failure to preserve video footage, but as the court indicated during the sanctions hearing, it might still be willing to consider an adverse inference instruction if Parker can prove spoliation. To succeed on this motion, Parker must provide proof that defendants actually destroyed material evidence for the purpose of hiding adverse information. *Bracey v. Grondin*, 712 F.3d 1012, 1018 (7th Cir. 2013); *see also Rummery v. Ill. Bell Tel. Co.*, 250 F.3d 553, 558 (7th Cir. 2001) (denying adverse inference instruction when moving party "offered no evidence,

other than his own speculation, that [the documents] were destroyed to hide discriminatory information").

Defendants oppose this motion because Parker has not proven that anyone, much less defendants, destroyed any material evidence in this case. Here, Parker is proceeding on claims for events that occurred in his cell hall on March 23, 2021. Specifically, in response to Parker telling defendant Nurse Holmen that he took another inmate's medication, he contends that she said it would be all right, laughed and walked away. Further, Parker alleges that Nurse Johnson was later told that Parker took the wrong medication but concluded that he did not need a medical assessment. Parker also purportedly interacted with Castro and John Doe defendants, and requested that video footage of all the incidents in question be preserved. Parker similarly represents that he spoke with multiple officers about preserving officer and hallway camera footage from that day. Finally, Parker represents that he sent a letter to Security Director Blount and Captain Schultz on April 8, specifically requesting preservation of the hallway/tier and body camera video footage from March 23, 2021.

According to defendants, however, no letter from Parker requesting preservation of any video footage was ever received. In particular, Security Director Blount specifically attests that there is no record of such a letter being received by the institution. Moreover, while defendants initially objected to Parker's subsequent discovery request for the footage on multiple grounds, they ultimately made six videos available for his review.

Months later, Parker submitted a second set of discovery, requesting "video hall way camera, from B lower, date (3-23-21) time (8: 8:30 p.m.) during med pass in the RH1

3

(Restrictive Housing 1.)" Defendants responded that no such footage exists. Parker also requested body-worn camera footage for every officer and sergeant in that range during that same time, to which defendants also objected while referring Parker to the previously disclosed six videos. Thus, defendants maintain that Parker has not proven bad faith destruction by any defendant.

Even assuming for the sake of argument that Parker did, in fact, send prison officials a letter requesting preservation of video footage, the standard for a finding of spoliation is not the party's diligence in making a preservation request, but bad faith destruction by a defendant. The court agrees that Parker has simply not made that showing here. Indeed, even if Blount did in fact ignore Parker's request knowing that the footage would be overwritten, a finding of bad faith would still not lie against the named defendant. *See Bracey v. Grondin*, 712 F.3d 1012, 1019-20 (7th Cir. 2013) (bad faith requires intentional destruction for the purpose of hiding adverse information). Finally, the court is highly skeptical that any video is likely to shed substantial light on what is, in the end, an allegation of a mis-delivery of a medication, to which the real questions are whether a serious medical need was presented and whether the defendants reacted with deliberate indifference under all the circumstances. For all these reasons, the court must deny this motion.

ORDER

IT IS ORDERED that:

1) Plaintiff's motion for spoliation and for judgment (dkt. #82) is DENIED.

2) Defendants' motion for reconsideration (dkt. #84) is GRANTED.

4

3) Parker's motions in opposition to defendants' motion for reconsideration (dkt. ##89, 95) are DENIED.

Entered this 6th day of November, 2023.

                              BY THE COURT:

                              /s/

                              _____
                              WILLIAM M. CONLEY
                              District Judge