IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ANTONIO PARKER,

                Plaintiff,　　　　　　　　　　OPINION AND ORDER

  v.

                                              21-cv-509-wmc

CHRISTINE HOLMEN and
LORETTA JOHNSON,

                Defendants.

      Plaintiff Antonio Parker, a state inmate who represents himself, was granted leave to proceed on Eighth Amendment deliberate indifference claims against defendant nurses Loretta Johnson and Christine Holmen. Specifically, plaintiff asserted that Johnson and Holmen did not provide him with appropriate medical treatment after they learned that he had ingested incorrect medication. On August 30, 2024, the court granted defendants' motion for summary judgment and entered judgment in favor of defendants. (Dkts. ##154, 155.) Plaintiff filed a joint notice of appeal and motion to alter or amend the court's grant of summary judgment, pursuant to Fed. R. Civ. P. 59(e), signed on September 23, 2024. (Dkts. ##156, 157.) The court will deny Parker's motion to alter or amend for the reasons explained below. The court will likewise deny his motions for assistance in recruiting counsel and for leave to use the original record without reproducing any part. (Dkts. ##170, 171.)

      As an initial matter, defendants argue that plaintiff's motion is untimely because he filed the motion on September 30, 2024, which was beyond the 28-day limit. Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after

the entry of the judgment."). However, the court considers plaintiff's motion to be filed on the date he signed it, September 23, 2024, so he timely filed it. (Dkt. #156, at 114); *Over v. Haseleu*, No. 20-C-1542, 2021 WL 1626615, at *5 (E.D. Wis. Apr. 27, 2021) (when a prisoner represents himself, his legal documents are typically "'considered filed on the date that they're tendered to prison staff in accordance with reasonable prison policies,' which is usually [the] date the prisoner signed the document" (quoting *Taylor v. Brown*, 787 F.3d 851, 859 (7th Cir. 2015)).

Turning to the merits of plaintiff's motion under Rule 59(e), a court may reconsider a final judgment (1) based on newly discovered material evidence or intervening changes in the controlling law or (2) to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *See Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). A "manifest error" occurs when the district court commits a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (quotation marks and citations omitted). Rule 59(e), however, does not allow a party to rehash previously rejected arguments. *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014). Thus, Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing, two grounds for relief. *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)).

In a 114-page-long motion for reconsideration, plaintiff rehashes several of the arguments that he made, and the court rejected, at summary judgment, reasserting that: (1) defendants lied when they said that they did not remember the incident; (2) defendants

2

violated various Department of Corrections policies, which showed that they violated his Eighth Amendment rights; and (3) defendants were deliberately indifferent by not immediately pulling him from his cell and examining him upon learning that he had ingested the wrong medication. These arguments do not clearly establish one of the allowable grounds for relief under Rule 59(e).

Next, plaintiff asserts that summary judgment was inappropriate when it was unknown what medication the officer *actually* gave him, and the court improperly concluded that he had taken Benadryl when he had asserted that he had really taken trazadone, montelukast, and fluconazole. In its summary judgment order, the court acknowledged that it was unknown what medication he actually ingested and did not conclude that he had taken Benadryl. (Dkt. #154, at 2 n.2.) Rather, the court concluded, based on undisputed evidence at summary judgment, that Sergeant Christopher Terstriep had told a nurse (who the court assumed was Johnson) that plaintiff had taken Benadryl, and no one had told Holmen what medication he had taken or that he had any symptoms from the medication. (*Id.* at 7-8.) Thus, even if plaintiff had ingested trazadone, montelukast, and fluconazole, that would not show that defendants were deliberately indifferent when it is undisputed that neither defendant knew that he had taken those medications. Because plaintiff does not show that the court made manifest errors of law or fact in granting summary judgment, his motion for Rule 59(e) relief is denied.

Next, plaintiff's motion for assistance in recruiting counsel will be denied because there are no further issues for counsel to help with in the district court. If plaintiff wants counsel on appeal, he should file a motion for assistance in recruiting counsel in the

Seventh Circuit. Finally, in a motion captioned to the Seventh Circuit, plaintiff seeks leave to use the original record without reproducing any part, pursuant to Fed. R. App. 24(c). That motion will also be denied because it should be filed in the Seventh Circuit.

ORDER

IT IS ORDERED that:

1) Plaintiff Antonio Parker's motion to alter or amend judgment (dkt. #156) is DENIED.

2) Plaintiff's motions for assistance in recruiting counsel (dkt. #170) and leave to use the original record without reproducing any part (dkt. #171) are DENIED.

Entered this 5th day of December, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge